| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL II | | |
|---|---|---|
| KYRIAH CUEBAS LÓPEZ<br><br>Parte Recurrida<br><br>v.<br><br>CRISTIAN PRADO, CONSEJO DE TITULARES DEL CONDOMINIO LAS AMÉRICAS PROFESSIONAL CENTER, JANE DOE Y OTROS<br><br>Parte Peticionaria | TA2026CE00512 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV09435<br><br>Sala: 503<br><br>Sobre: Ley de Condominios, Daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Comparece ante *nos* el Consejo de Titulares del Condominio Las Américas Professional Center (Consejo de Titulares o peticionario) y nos solicita que revisemos y revoquemos una *Resolución* emitida y notificada el 27 de marzo de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la *Moción Solicitando Sentencia por las Alegaciones* que presentó el Consejo de Titulares.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari*.

## I.

Surge del expediente ante *nos* que, el 15 de octubre de 2025, Kyriah Cuebas López (Cuebas López o recurrida) incoo una *Demanda* sobre daños en contra Cristian Prado (Prado), el Consejo

de Titulares y otros. En ajustada síntesis, Cuebas López alegó que es dueña de la oficina 403 del Condominio Las Américas Professional Center (Condominio) y que Prado es el dueño de la oficina 402. Esgrimió que, Prado utilizaba, sin su autorización, el manejador del aire acondicionado perteneciente a la oficina 403 y realizó una conexión ilegal que dañó su propiedad. Indicó, además, que Prado puso en riesgo la seguridad del edificio e impidió el reemplazo del manejador del aire acondicionado, pese a múltiples advertencias.

Asimismo, la recurrida manifestó que el Consejo de Titulares omitió intervenir o tomar acción para remediar las controversias existentes con Prado.

El 27 de enero de 2026, Prado presentó una *Contestación a Demanda.* A grandes rasgos, negó las alegaciones de la *Demanda* por ser vagas, imprecisas, insuficientes e incumplir con la Regla 6.5 de Procedimiento Civil. Coligió que cuando adquirió su oficina, el dueño anterior había dispuesto para que una sola unidad de aire acondicionado sirviera a las oficinas 402 y 403. Acentuó que, colocó un interruptor en el pasillo para poder utilizar el aire acondicionado, pero luego de ello y de manera repentina, la unidad no podía ser encendida utilizando el interruptor debido a que Cuebas López la apagó desde su oficina. Arguyó que, Cuebas López se adjudicó el derecho absoluto sobre el aire acondicionado con la intención deliberada de causarle mayores controversias, demoras y gastos adicionales.

Ese mismo día, Prado presentó una *Demanda Contra Terceros* mediante la cual incluyó como terceros demandados a WR Cleaning Services, Inc. (WR Cleaning) y a Mapfre Insurance Agency of Puerto Rico, Inc. (Mapfre). Aseveró que, los daños alegados en la *Demanda* le eran atribuibles a la compañía de mantenimiento del Condominio, WR Cleaning. Así pues, adujo que en o alrededor del 1 de febrero de

2024, WR Cleaning provocó una inundación en el Condominio, causando que se filtraran cuantiosas cantidades de agua en varios pisos, incluyendo el cuarto piso. Expresó que, ello tuvo como resultado que la unidad de aire estuviese expuesta al agua, provocando la avería del equipo. Agregó que, los actos negligentes y daños que le fueron adjudicados le son imputables a WR Cleaning.

El 2 de febrero de 2026, el Consejo de Titulares presentó una *Contestación a la Demanda*. En esta, expuso que las oficinas 402 y 403 funcionaron previamente como un solo local agrupado bajo un dueño anterior. Así, enunció que no ejerce supervisión sobre el uso de equipos mecánicos internos de estas oficinas, los cuales fueron adquiridos por Cuebas López en su condición manifiesta.

El 3 de marzo de 2026, la parte peticionaria presentó una *Moción Solicitando Sentencia por las Alegaciones*. En la misma, solicitó que se dicte sentencia por las alegaciones a su favor toda vez que la *Demanda* adolece de defectos insalvables, carece de alegaciones fácticas suficientes y no articula, ni de forma mínima, una reclamación plausible en derecho en su contra. Así pues, sostuvo que, aun aceptando la veracidad de los hechos bien alegados, la *Demanda* se limita a imputaciones vagas y conclusorias que pretenden imponerle responsabilidad por una controversia estrictamente privada entre titulares.

Oportunamente, el 27 de marzo de 2026, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción Solicitando Sentencia por las Alegaciones*. Inconforme, el 27 de abril de 2026, la parte peticionaria compareció ante *nos* mediante una *Petición de Certiorari* y alegó la comisión del siguiente error:

> **PRIMERO: ERRÓ EL TPI AL NO DECRETAR QUE LAS ALEGACIONES CONTRA EL CONSEJO DE TITULARES INCUMPLEN FATALMENTE CON EL CRITERIO DE PLAUSIBILIDAD.**

Examinado el recurso ante nuestra consideración, el 29 de abril de 2026, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida un término de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 12 de mayo de 2026, la parte recurrida presentó una *Oposición a Petición de Certiorari.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del

*certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649 (2000); *Lluch v. España Service Sta.,* 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

En el caso ante *nos*, la parte peticionaria aseveró que erró el TPI al decretar que las alegaciones contra el Consejo de Titulares incumplen fatalmente con el criterio de plausibilidad.

Evaluada la *Petición de Ceriorari* y la *Resolución* recurrida a la luz de los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*, no encontramos que al emitir su determinación el foro primario actuó

de forma arbitraria, caprichosa, en abuso de su discreción o que cometió algún error de derecho que amerite nuestra intervención revisora. Asimismo, la parte peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia. Tampoco se demostró que el tribunal se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra cualquiera de las partes.

Por consiguiente, ante la ausencia de justificación para intervenir con la *Resolución* recurrida, denegamos la expedición del auto de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones